**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02790-NYW

YAFRANK HERNANDEZ VIERA,

Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
CHARLES WALL, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

Respondents.

---

**ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (“Petition”), [Doc. 1]. Petitioner is a noncitizen who is currently detained at the Aurora ICE Detention Center in Aurora, Colorado. [Doc. 1 at 1; Doc. 1-1 at ¶¶ 1, 6]. He seeks, among other things, a Court order directing Respondents to immediately release him from custody. [Doc. 1-1 at 10].

Upon review of the Petition, the Court concludes that good cause exists to enter an order preserving the Court’s jurisdiction over this case pursuant to the Court’s inherent authority to do so. The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in

limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Further, upon review of the Petition, it is **ORDERED** that the Clerk of Court **SERVE** Respondents with a copy of the Petition, any accompanying papers, and this Order via certified mail, *see* Fed. R. Civ. P. 4(i)(2), at the following addresses:

United States Immigration and Customs Enforcement
500 12th Street, SW
Washington, DC 20024

United States Department of Homeland Security
2707 Martin Luther King Jr. Ave., SE
Washington, DC 20528

United States Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Attorney's Office for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

Juan Baltazar, Warden
Aurora ICE Processing Center
3130 North Oakland Street
Aurora, CO 80010

It is further **ORDERED** that, within seven days of service, Respondents shall **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **21 days** after the Response is filed.

Accordingly, it is **ORDERED** that:

(1) The Clerk of Court is **DIRECTED** to serve Respondents with a copy of the Petition, any accompanying papers, and this Order and to enter a Certificate of Service;

(2) Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted;

(3) Any reply shall be filed no later than **21 days** after the Response is filed;

(4) Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States

Court of Appeals for the Tenth Circuit vacates this Order; and

(5) A copy of this Order shall be sent to:

Yafrank Hernandez Viera
A# 244354103
ICE Aurora Contract Detention Facility
3130 North Oakland St.
Aurora, CO 80010

DATED: June 25, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge