**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-02790-NYW

YAFRANK HERNANDEZ VIERA,

 Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
CHARLES WALL, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

 Respondents.

---

### MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition. [Doc. 8]. Petitioner has not filed a reply, and the time to do so has expired. For the reasons herein, the Petition is respectfully **DENIED without prejudice**.

### BACKGROUND

Petitioner Yafrank Hernandez Viera ("Petitioner" or "Mr. Hernandez Viera") is a citizen of Cuba who entered the United States on or about January 16, 2024. [Doc. 1-1 at ¶ 1]. He was paroled into the United States the same day, with the parole lasting until January 13, 2026. [*Id.*]. On May 28, 2025, Mr. Hernandez Viera was arrested by ICE and taken into custody pending removal proceedings. [*Id.* at ¶ 4]. Mr. Hernandez Viera then applied for asylum and withholding of removal, both of which were denied. [*Id.* at

¶ 5]. On December 22, 2025, an immigration judge issued an order of removal as to Mr. Hernandez Viera. [*Id.* at ¶ 6; Doc. 1-4]. It does not appear that Mr. Hernandez Viera appealed the order of removal, meaning that it became final on January 21, 2026. *See* [Doc. 1-4 at 5].

Mr. Hernandez Viera asserts that his prolonged detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment. [Doc. 1-1 at ¶¶ 9–18]. He asks this Court to order Respondents to immediately release him from custody. [Doc. 1-1 at 10].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

### I.     Detention of Noncitizens

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period." 8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005). Detention is mandatory during the removal period, 8 U.S.C.

§ 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained, *id.* § 1231(a)(6) (emphasis added).  The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion."  *Zadvydas*, 533 U.S. at 697.  Indeed, "read in light of the Constitution's demands," Section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  *Id.* at 689.  In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem.  The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law."  Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).  Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court did recognize, however, a presumptively reasonable six-month detention period.  *Id.* at 701.  "After this 6-month period," if the noncitizen demonstrates "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  The Supreme Court explained that a six-month presumptive period does not mean that every noncitizen detained for six months must be released; rather, a noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*  But "if the government

fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

## II.    Petitioner's Detention

At the time that Petitioner filed his Petition, he had been detained for about five months. Therefore, the presumptively reasonable six-month period recognized in *Zadvydas* had not expired. However, because the six-month period has expired as of the date of this Order, and because Respondents do not substantively contest Mr. Hernandez Viera's arguments, *see* [Doc. 8 ("Respondents maintain that Petitioner's detention is lawful and do not concede that it is unlawful. But for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case.")], the Court will conduct the *Zadvydas* analysis.

As Petitioner recognizes, the first step of the *Zadvydas* analysis requires Mr. Hernandez Viera to show that there is no significant likelihood of removal in the reasonably foreseeable future. *See* [Doc. 1-1 at ¶ 15]. Mr. Hernandez Viera has failed to carry this burden. Other than a single allegation that "ICE never requested [his] travel documents . . . to make possible [his] removal," [*id.* at ¶ 8], Mr. Hernandez Viera does not allege any facts or make any arguments regarding the likelihood of his removal in the reasonably foreseeable future. Combined with the facts that an immigration judge (1) denied his application for asylum and withholding of removal, and (2) ordered his removal to Ecuador because of the Asylum Cooperative Agreement between Ecuador and the United States, [*id.* at ¶¶ 5–6], the Court cannot find that Mr. Hernandez Viera has shown that there is no significant likelihood of removal in the reasonably foreseeable

4

future, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that while a pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record" (quotations omitted)).

Accordingly, the Court will **DENY without prejudice** the Petition.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED without prejudice**.

DATED:  August 10, 2026                    BY THE COURT:

Nina Y. Wang
United States District Judge

5
